IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

OCTOBER 1998 SESSION

FILED

December 28, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

SYLVESTER SMITH,          )
                          )
        Appellant,        )        NO. 02C01-9801-CR-00018
                          )
VS.                       )        SHELBY COUNTY
                          )
                          )        HON. BERNIE WEINMAN,
STATE OF TENNESSEE,       )        JUDGE
                          )
        Appellee.         )        (Post-Conviction)


## OPINION CONCURRING IN PART; DISSENTING IN PART


I agree in most respects with the well-written majority opinion by Judge David G. Hayes. I agree, as the state concedes, that petitioner was deprived of effective assistance of counsel at the sentencing phase due to counsel's failure to recognize the necessity for and present appropriate proof of "mental retardation" which would disqualify petitioner from the death penalty. *See* Tenn. Code Ann. § 39-13-203. Both deficient performance and prejudice were established in this regard, and petitioner is clearly entitled to a new sentencing hearing. However, I do not agree that petitioner is entitled to a new trial on the basis of ineffective assistance of counsel.


## STANDARDS - INEFFECTIVE ASSISTANCE OF COUNSEL


The majority opinion correctly notes that, in order to establish ineffective assistance of counsel, a petitioner bears the burden of proving not only that counsel's performance was deficient, but also that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed. 2d 674 (1984). To establish the prejudice prong, the burden is on the petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S.Ct. at 2068. A reasonable probability is one sufficient to undermine confidence in the outcome of the proceeding. Id.

The majority opinion finds deficient performance and prejudice with regard to competency to stand trial and a possible insanity defense; therefore, the majority opinion sets aside the conviction and remands for a new trial. In light of petitioner's prior history, I agree that counsel was deficient in failing to secure a full mental evaluation in this capital case. However, I do not believe that petitioner met his burden of establishing that, but for this deficiency, the result of the proceeding would have been different.

## COMPETENCY

As to competency to stand trial, the sole testimony which could arguably establish incompetence to stand trial was that of Dr. Bernet, who stated, "the fact that he wasn't on medication at the time, that when he's not on medication...he is hallucinating and psychotic and disorganized...it's more likely than not that he was not competent at the time of the trial." However, I would note that trial counsel testified they had no problems communicating with the petitioner before or during trial. Dr. Hutson personally interviewed the petitioner before trial, and although he did not perform a competency evaluation, interestingly, he apparently did not notice anything about the petitioner's alleged incompetence.

The trial court made the following pertinent findings:

> The record reveals that counsel was able to discuss the case with the defendant and his position was that he did not commit the offense and was not present at the home of the victim and knew nothing about the crime. A negotiated plea was discussed with the defendant which he turned down and he maintained his innocence. . . . Dr. Bernet opined that the defendant was not competent at the time of trial. But as previously stated there is nothing in the record from the people that were dealing with the defendant at or near the time of trial that would indicate that Mr. Smith was not competent.

Petitioner has failed to establish a reasonable probability that he, in fact, was incompetent at the time of trial. The evidence does not preponderate against the findings of the trial court.

2

**INSANITY**

As to the insanity defense, petitioner's proof is even weaker. Again, the majority opinion appears to rely upon the testimony of Dr. Bernet. Dr. Bernet's testimony was speculative at best. Dr. Bernet opined that the psychotic and retarded condition of the defendant "may have prevented him from understanding the wrongfulness of his actions or conforming his actions to the requirements of the law." (emphasis added). However, Dr. Bernet conceded petitioner's mental condition fluctuated and his inability to understand the wrongfulness of his actions or to conform his conduct to the requirements of the law would occur when "he's having a bad day." He further conceded that one could be psychotic and not meet the requirements of the insanity defense. The petitioner has not shown a reasonable probability that on the date of the homicide he was "having a bad day" so as to qualify for the insanity defense.

The trial court noted:

> The doctor further indicated that the defendant may have been insane when the crime was committed. The evidence taken in the best light of the petitioner would indicate that at times the defendant was psychotic and at other times he was in remission. "When the accused's mental illness is subject to remission, the evidence must establish that the accused's illness was not in remission when he committed the offense in question." Forbes v. State, 559 S.W.2d 318, 325 (Tenn. 1977). (emphasis added)

Again, petitioner has failed to meet his burden of establishing a reasonable probability that the insanity defense would have been successful had it been pursued by trial counsel. The evidence does not preponderate against the findings of the trial court.

**FAILURE TO ESTABLISH PREJUDICE**

The majority opinion states that it is "impossible to fathom that the appellant was not prejudiced by trial counsel's failure to explore the appellant's mental history." The opinion then states that "[t]he psychiatric evidence, if properly investigated and

3

presented, <u>could have</u> totally changed the evidentiary picture in the present case."
(emphasis added). The opinion also states that "absent the deficiencies, the
outcome of the trial <u>might well have been different</u>." (emphasis added). "Could have"
or "might well have" is not the test under <u>Strickland</u>. <u>Strickland</u> requires the petitioner
to show a <u>reasonable probability</u> that the result of the proceeding "<u>would have been
different</u>." <u>Strickland v. Washington</u>, 466 U.S. at 694, 104 S.Ct. at 2068 (emphasis
added). I would emphasize that <u>Strickland</u> was also a capital case.

The majority opinion further states that "[w]hen defense counsel entirely fails
to subject the prosecution's case to meaningful adversarial testing, there has been
a denial of Sixth Amendment rights that makes the adversary process itself
presumptively unreliable. <u>United States v. Cronic</u>, 466 U.S. 648, 659, 104 S.Ct.
2039, 2045, 80 L.Ed. 2d 657 (1984). I fail to see the basis for application of this
principle under the facts and circumstances of this case.

In summary, I would remand for a new sentencing hearing; however, I would
not remand for a new trial and would affirm the conviction.


                                     _____
                                     **JOE G. RILEY, JUDGE**